Cherpak, Appellant, *v.* Cherpak.

Argued April 22, 1932.

Before TREXLER, P. J., GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*M. Mandelbaum,* for appellant.

*Hallock C. Sherrard* of *Patterson, Sherrard and Miller,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

This is an action for divorce, brought by the husband, charging cruel and barbarous treatment and indignities to the person.

The parties were married in July, 1917, the husband being 18 years of age, and the wife being 17 years of age. In August of the same year he enlisted in the United States Army returning July 27, 1919. He contracted consumption in the service, and much of his time in late years has been spent in government hospitals.

He charges that his wife was constantly nagging him, accusing him of being "a lazy bum;" expressing dissatisfaction at his inability to do work, was afraid that she might contract tuberculosis from him; did not love him, wanted him to die; that her whole attitude throughout this time was one of hostility. All this is denied by the wife.

The libellant's father and mother and sister testified to visits to the home of the libellant and his wife; that apparently everything was harmonious, and that they appeared to be an affectionate couple; that he never made a complaint to them of any nagging, or of any other improper conduct on the part of his wife.

The only corroboration to his story is furnished by two witnesses, from the veterans' hospital, who allege that on one occasion they went with libellant to his home. The one testified that in November, 1927, Mrs. Cherpak, told her husband that she wanted him to pack his clothes, and get out of there, that she was tired of washing his dirty clothes, that she was afraid she would get the disease herself, and Mr. Cherpak made the remark that he was paying the rent for that place and he would leave when he got ready, and that she tried to throw a cup at him. The other witness testified to similar action, the details being substantially the same. Mrs. Cherpak testified that the two witnesses, above referred to, never came to her house; that she had seen the one of them at the hospital, but that she had never seen the other until the hearing.

Under these circumstances, the libellant has not shown a course of conduct, which would entitle him

to a divorce, unless we would assume that his narrative was true, but that we are not inclined to do in the face of the complete contradiction of it by his wife, and the testimony of his relatives which negatives the idea of any course of conduct such as he described, but if there were any doubt about this, it would be resolved in favor of the respondent from the fact that, as Judge GARDNER has indicated, the divorce is not brought in good faith, and that libellant's veracity is thereby impeached, by his own act. In a letter to Mrs. Cherpak, dated September 6, 1929, he tells her that he has met another woman, that she is willing to take care of the libellant and also to support the respondent and her children, apparently in exchange for the respondent relinquishing any hold on her husband, and consenting to a divorce. In a letter dated September 13, 1929, he tells the same story; the woman with whom he is going, apparently having means, he promises that she will make life pleasant for both parties and for the children, and in a letter dated October 14th of the same year he refers to the fact that he and respondent have had a hard time of it, and if he were allowed to have a divorce everything would be easy for them, for the woman he would marry would assume it as her duty as well as his to see that the children were properly taken care of and provided with living necessities, and that they could still be friends. In a letter to his sister, dated September 30, 1929, he says, "I have asked my wife for a divorce as I do not think we can get along like we have been going. I have another woman who I want to marry."

It would seem that a mere recital of these facts, without any further comment, is sufficient to show that this divorce should not be granted, and that the lower court was right in dismissing the libel.

The order of the lower court dismissing the libel is affirmed. Libellant to pay the costs.